IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TIMOTHY BARGO, | : | Case No. 1:25-cv-363 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| RV RETAILER FAMILY, LLC, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff Timothy Bargo's Motion to Remand to State Court (Doc. 14) and Defendant RV Retailer Family, LLC's Motion for Leave to File Amended Removal Petition/Pleading to Show Jurisdiction (Doc. 17). Defendant RV Retailer Family, LLC, filed a Response in Opposition to Plaintiff's Motion (Doc. 16). Plaintiff did not file a reply in support, or a response to Defendant RV Retailer Family, LLC's Motion, and the time to do so has passed. Thus, this matter is ripe for the Court's review. For the following reasons, Plaintiff's Motion to Remand to State Court (Doc. 14) is **DENIED**. Defendant RV Retailer Family, LLC's Motion for Leave to File Amended Removal Petition (Doc. 17) is **GRANTED**.

## BACKGROUND

### I. Factual Allegations

Plaintiff resides in Montgomery County, Ohio, and purchased a recreational vehicle ("RV") from Defendant RV Retailer Family, LLC, ("RV Retailer") a dealer of RVs. (Compl., Doc. 4, ¶¶ 1-2, 7.) Defendant Jayco Inc., ("Jayco") is the manufacturer of this RV. (*Id.* at ¶ 7.) Plaintiff alleges that, at the time of purchase, the RV had numerous nonconformities, which "substantially impaired the use, value, and/or safety of the RV." (*Id.* at ¶ 14.) RV Retailer performed work on the RV to fix these nonconformities, but on a trip to Florida, the RV caught fire. (*Id.* at ¶¶ 18-52.) Plaintiff demanded that RV Retailer take the RV back because RV Retailer had failed to fix the problems. (*Id.* at ¶ 57.) RV Retailer refused to do so. (*Id.* at ¶ 58.)

### II. Procedural History

Plaintiff first brought this action in Hamilton County Court of Common Pleas on April 28, 2025. (Compl., Doc. 4.) Plaintiff alleged: (1) a violation of Ohio Lemon Law under Ohio Revised Code § 1345.71, against Jayco; (2) a violation Ohio Consumer Sales Practice Act under Ohio Revised Code §§ 1345.02, 1345.03, against both Defendants; (3) breach of contract under Ohio common law against Jayco; (4) negligence under Ohio common law against RV Retailer; and (5) rejection and/or revocation against both Defendants. (*Id.*) On June 2, 2025, RV Retailer removed this action to this Court under diversity jurisdiction. (Notice of Removal, Doc. 1.) The Notice of Removal states that: Plaintiff is a citizen of Ohio; RV Retailer is a Delaware corporation with its principal place of business in Florida; RV Retailer's sole member is Blue Compass RV, LLC, a Delaware

2

corporation with its principal place of business in Florida; none of Blue Compass RV, LLC's members are citizens of Ohio; and Jayco is an Indiana corporation with its principal place of business in Indiana. (*Id.* at ¶¶ 4-8.) Accordingly, RV Retailer represented that there is complete diversity between the parties. (*Id.* at ¶ 9.) Additionally, Plaintiff seeks a full refund of his RV, totaling $145,000; thus, the amount in controversy exceeds $75,000. (*Id.* at ¶ 12.)

On June 17, 2025, Jayco filed a Motion to Transfer for Improper Venue (Doc. 11), which it subsequently withdrew (*see* Notice of Withdrawal, Doc. 18). On June 27, 2025, Plaintiff filed a Motion to Remand to State Court (Doc. 14), which RV Retailer responded to (*see* Doc. 16), and which prompted RV Retailer to file its Motion for Leave to File Amended Removal Petition (Doc. 17). Neither Plaintiff nor Jayco filed a response in opposition to this Motion.

## LAW

District courts have original jurisdiction over civil actions where the parties are citizens of different U.S. states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When a party is a corporation, its state of citizenship is the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). For a limited liability company, or LLC, its citizenship is comprised of the citizenship of all its members and sub-members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party removing the action to federal court

3

bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941), and resolve doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## ANALYSIS

Since the Motions before the Court are interconnected, the Court will consider them together. In his Motion to Remand to State Court, Plaintiff asserts that RV Retailer, as the removing party, bears the burden to show complete diversity. (Doc. 14, Pg. ID 219 (quoting *Olwin Metal Fabrication, LLC, v, Multicam, Inc.*, 631 F. Supp.3d 485, 488 (S.D. Ohio 2022)).) However, according to Plaintiff, RV Retailer has failed to do so. (*Id.*) In the Notice of Removal, RV Retailer simply states that "upon information and belief," none of Blue Compass RV, LLC's members are citizens of Ohio. (*Id.*) Importantly, "[a] removing party cannot rely upon 'information and belief' when asserting" that an LLC's members are "not citizens of a particular state." (*Id.* at Pg. ID 221 (quoting *Olwin Metal Fabrication, LLC*, 631 F. Supp.3d at 488)).) Rather, Plaintiff contends that RV Retailer needed to "adequately disclos[e] the citizenship of each member and sub-member of the LLC." (*Id.*) And, Plaintiff argues that RV Retailer improperly listed the states of incorporation and principal places of business for the LLC parties, when the citizenship of their members is the required state to list. (*Id.*) Finally, Plaintiff notes that RV Retailer failed to file the "Citizenship Disclosure Statement," pursuant to Federal Rule of Civil Procedure 7.1(a)(2). (*Id.*)

4

In its Response, RV Retailer suggests that it can cure these defects in its removal petition, as permitted by 28 U.S.C. § 1653. (Doc. 16, Pg. ID 231.) And indeed, RV Retailer seeks to cure the defects with its Motion for Leave to File Amended Removal Petition. (*See* Doc. 17.) RV Retailer's Response to Plaintiff's Motion and RV Retailer's own Motion provide identical analyses; for the sake of clarity and judicial efficiency, the Court will focus on RV Retailer's Motion from this point forward.

RV Retailer points to Sixth Circuit precedent allowing amendments to removal petitions when certain conditions have been met: "(1) diversity jurisdiction was alleged in the original petition; (2) diversity in fact existed at the time of the original petition; and (3) the defendant provided additional allegations regarding the diversity of the parties after the removal period had expired." (Motion, Doc. 17, Pg. ID 238 (citing *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5F3d 963, 969 (6th Cir. 1993)).) According to RV Retailer, all three conditions exist here. (*Id.*) On the first and second points, RV Retailer states that the original petition alleged diversity jurisdiction, and complete diversity existed at the time of removal, as it does now. (*Id.*) The Motion clarifies that Blue Compass RV, LLC, had not yet confirmed the exact citizenship of its members when RV Retailer filed the Notice of Removal. (*Id.* at Pg. ID 236-37.) But, RV Retailer has now received this information and provides, in its proposed amended removal petition, the specific states of citizenship for Blue Compass RV, LLC's individual members, which satisfies the third condition. (*Id.*)

Moreover, RV Retailer distinguishes the facts here with those in *Olwin*. In that case, the removing party, the defendant, disclosed its own state of citizenship, but not the

5

citizenship of the plaintiff's members; instead, the defendant sought jurisdictional discovery to prove a valid basis for removal. (Motion, Doc. 17, Pg. ID 239 (citing *Olwin*, 631 F. Supp.3d at 487)).) Here, however, RV Retailer does not seek discovery to ensure that diversity exists. (*Id.*) Instead, its amended petition will prove that diversity jurisdiction existed at the time of removal. (*Id.*)

The Court agrees with RV Retailer. The original removal petition is indeed insufficient as it relies on "information and belief" to assert diversity. But, after examining the proposed Amended Notice of Removal, the Court finds that, as amended, it properly alleges complete diversity at the time of removal. (*See* Proposed Amended Notice of Removal, Doc. 17-1.) Addressing each of Plaintiff's concerns, the Court first notes that the amended version lists the states of citizenship for each of Blue Compass RV, LLC's members; none of them are from Ohio. (*Id.* at ¶ 7.) And, Blue Compass RV, LLC, is the sole member of RV Retailer; there are no other members of RV Retailer to examine. (*Id.* at ¶ 6.) Although the amended petition also includes the state of incorporation and principal place of business for both LLCs, Plaintiff is correct that only the members' citizenships matter for purposes of federal jurisdiction. *Delphi Automotive Sys., LLC v. Segway, Inc.*, 519 F. Supp.2d 662, 667 (E.D. Mich. 2007). Nevertheless, this unnecessary inclusion has no effect on the petition.

Finally, the Court agrees with Plaintiff that RV Retailer failed to attach the Citizenship Disclosure Statement, as required by Federal Rule of Civil Procedure 7.1(a)(2). Granting RV Retailer leave to amend its removal petition, however, provides RV Retailer the opportunity to include the required statement. And, the Court notes that

6

such exclusion is not fatal, as courts have allowed parties to file the statement with the 26(f) report. *See Allen v. Bd. of Educ. The Sidney City Sch. Dist.*, No. 3:25-CV-101, 2025 WL 1651894, at *1 (S.D. Ohio June 11, 2025).

Plaintiff does not dispute Jayco's diversity, but the Court reiterates that Jayco's state of incorporation and principal place of business is Indiana, making it a citizen of Indiana. (Proposed Amended Notice of Removal, Doc. 17-1, ¶ 8.) Therefore, none of the Defendants are citizens of Ohio. Additionally, Plaintiff does not dispute that the amount in controversy exceeds the statutory minimum of $75,000, and the Court agrees that Plaintiff's pleading seeks an amount above that minimum. (*Id.* at ¶ 12; *see also* Compl., Doc. 4, Pg. ID 89-90.) Thus, per the amended Notice of Removal, RV Retailer has cured the defects of its original Notice of Removal and alleged diversity jurisdiction in accordance with 28 U.S.C. § 1332.

Furthermore, the Court notes that Plaintiff did not file a reply to RV Retailer's Response in Opposition, nor did he file a response to oppose RV Retailer's Motion. Having considered these facts, along with the information in RV Retailer's Motion, the Court finds it appropriate to allow RV Retailer to amend its removal petition.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court finds that removal is proper in this matter. Thus, the Court **ORDERS** the following:

(1) Plaintiff's Motion to Remand (Doc. 14) is **DENIED**;

(2) RV Retailer Family, LLC's Motion for Leave to File Amended Removal Petition/Show Jurisdiction (Doc. 17) is **GRANTED**; and

7

(3) RV Retailer Family, LLC, **SHALL FILE** its amended Notice of Removal and Citizenship Disclosure Statement within seven (7) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND